In the Matter of DENNIS M. BREEN, Petitioner, against BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT PENSION FUND et al., Respondents.

In the Matter of JOHN P. CRONIN, Petitioner, against BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT PENSION FUND et al., Respondents.

Supreme Court, Special Term, New York County, October 20, 1947.

*Bernard Dubin* for petitioners.

*Charles E. Murphy, Corporation Counsel (Thomas W. A. Crowe of counsel),* for respondents.

GAVAGAN, J. Petitioner, a Battalion Chief in the Fire Department, met with an accident in December, 1945, which disabled him from performing active duty in the uniformed forces. The partial permanent disability which he incurred was caused in or induced by the actual performance of the duties of his position. On April 15, 1946, he was relieved by the Fire Commissioner from active service at fires and was assigned to light

duty pursuant to the Administrative Code of the City of New York (§ B19–4.0, subd. a, par. 2). Petitioner had entered the service of the Fire Department on or about August 1, 1920. In April, 1947, the Board of Trustees of the Fire Department Pension Fund adopted a resolution retiring the petitioner from the uniformed forces on an annual pension. The retirement was based upon a certificate by the Medical Board that petitioner was disqualified physically for the performance of his duties in the uniformed forces. The retirement is claimed to have been made pursuant to subdivision b of section B19–4.0 of the Administrative Code. No claim is made that petitioner is physically disabled from performing the light duties to which he had previously been assigned. The question presented on the present application is whether the provisions of subdivision b (*supra*) qualify those of paragraph 2 of subdivision a (*supra*) and authorize the compulsory retirement of a member of the Fire Department who has served for a period of twenty years or more, even though such member under said paragraph 2 had previously been assigned to light duty at full salary because of a partial permanent disability caused in or induced by the actual performance of the duties of his position.

Provisions similar to those contained in subdivision b and paragraph 2 of subdivision a were contained in the Greater New York Charter (L. 1897, ch. 378, § 790). The predecessor of subdivision b was already in the predecessor of the charter (New York City Consolidation Act, L. 1882, ch. 410, § 519, as amd. by L. 1894, ch. 73) at the time that the predecessor of paragraph 2 was added in 1897. If it had been intended that the provisions of the predecessor of paragraph 2 were to be qualified by the language of the predecessor of subdivision b it would seem that language indicating such an intent would have been employed. The language used in the new section seems to spell out a contrary intent. Respondents claim, in effect, that the provision permitting a member suffering partial permanent disability as the result of the actual performance of his duties to be relieved of active duty and assigned to light duties at full salary covers only a situation where the member in question has not served twenty years in the department. In the case of a member who has served twenty years or more in the department respondents contend that such member may be compulsorily retired even though he had been previously assigned to light duties by reason of partial permanent disability caused by the actual performance of his duties, and even though he was still physically able to perform such light duties. Para-

graph 2, however, tends to negative respondents' interpretation, for it uses the words " at any time ". Had respondents' interpretation been contemplated, the words " at any time " should have read " at any time prior to the performance of twenty years of service ", or words of similar effect.

There are a number of circumstances tending to confirm petitioner's claim that he may not be retired against his will under subdivision b. Thus paragraph 2 permits a fireman suffering partial permanent disability as the result of actual performance of his duties to retire voluntarily at three fourths of his salary instead of accepting an assignment to light duties at full salary. If the provisions of subdivision b are held to control after the fireman in question shall have been a member of the department for twenty years, then a fireman who chose light duties instead of a pension of three fourths of his salary could be penalized for such a choice as soon as he had served twenty years, for subdivision b authorizes retirement at not less than one half of the member's former salary, and thus guarantees only one-half pay.

A number of other illustrations of the harsh results which would flow from applying respondents' interpretation of section B19–4.0 are to be found in the brief submitted by petitioner. For example, A and B are partially permanently disabled as the result of the actual performance of their duties prior to the expiration of twenty years of service. One day prior to the expiration of twenty years of service A elects to retire. He becomes entitled to receive three fourths of his then salary for life. B, who entered the department the same day as A, remains in the service an additional day, and may therefore be retired at only one-half his then salary. In the court's opinion paragraph 2 was intended to benefit and reward a fireman suffering a partial permanent disability as a result of the actual performance of his duties, without regard to and unaffected by the provision of subdivision b relating to disability of members generally.

A case on all fours with the instant one is that of *People ex rel. Bridges* v. *Adamson* (173 App. Div. 773, affd. 219 N. Y. 570).

It is true that the opinion of the Appellate Division stated (p. 779): " The question whether a fireman, disabled in the active discharge of his duty but able to perform light duty, is exempt from the provision authorizing compulsory retirement after twenty years' service, is not before us. The relator was not retired under the twenty-year provision."

An examination of the record on appeal reveals that the statement of the Appellate Division that the relator had not been retired under the twenty-year provision was based upon the fact that the certificate of retirement recited that the relator had served more than ten years and did not state that he had served more than twenty. The indisputable fact was, however, that the relator had served more than twenty years even though the certificate did not so indicate. The Court of Appeals affirmed without opinion and did not necessarily adopt the reasoning of the Appellate Division. It is difficult to believe that the Court of Appeals would have affirmed if it was of opinion that the relator, having served more than twenty years, could be retired under the predecessor of subdivision b, for it would be idle and futile to grant a mandamus if the retirement authorities could immediately thereafter on the conceded facts retire the relator under the twenty-year provision.

As no claim is made that the petitioner is unfit to perform the light duties to which he was assigned, the motion to compel rescission of the resolution retiring petitioner and his reassignment to light duties at full salary is granted. Settle order.