In the Matter of DENNIS M. BREEN, Respondent, against BOARD OF TRUSTEES OF THE NEW YORK FIRE DEPARTMENT PENSION FUND, et al., Appellants.

First Department, June 7, 1948.

*Thomas W. A. Crowe* of counsel (*Seymour B. Quel* with him on the brief; *John P. McGrath, Corporation Counsel,* attorney), for appellants.

*Bernard Dubin* for respondent.

COHN, J.  Petitioner was appointed to the uniformed force of the Fire Department of the City of New York on August 1, 1920. By successive promotions he reached the rank of battalion chief. In the line of duty, at a fire, he was injured on December 14, 1945.  The medical board of the fire department made a physical examination and on April 12, 1946, certified that he was wholly unfit to perform duty at fires and that he could not be employed at light duty.  He was thereupon assigned by the fire commissioner to perform such duty.

Having been a member of the department for a period in excess of twenty years, on March 31, 1947, petitioner was ordered to appear before the medical board for examination as to his fitness to perform the duties of his position. The medical board on that day after examining him certified that he was unfit for full fire duty due to a disability caused by the performance of the duties of battalion chief. He was notified of such finding of the medical board on April 25, 1947. On May 26, 1947, the board of trustees of the fire department pension fund adopted a resolution retiring him from all service in the department effective July 16, 1947, on an annual pension of $4,087.50, which is three fourths of the basic salary attached to the rank of battalion chief.

From the order of the Special Term granting petitioner's application for an order directing the board of trustees of the fire department to revoke its resolution retiring him from all service and directing the fire commissioner to reinstate him to the position of battalion chief assigned to light duty with full pay, the defendants appeal.

The question presented is whether under the statute a member of the fire department who has become disabled in the actual performance of the duties of his position and who has been assigned to light duty at full pay may nevertheless thereafter be retired without his consent after he has been in the department for twenty years or more.

It is the petitioner's claim that after he has sustained a service-incurred disability he acquires the right to be assigned to light duty at full pay and that he may not at any time thereafter, without his consent, be retired from the department. The defendants, the board of trustees of the New York Fire Department Pension Fund and the fire commissioner, assert that any member of the fire department who shall have performed duty for a period of twenty years or upwards even though disabled in the discharge of his duties may nonetheless be retired if permanently disabled so as to be unfit for duty on an annual pension during his lifetime as provided by statute.

We think that the contention of defendants is correct and is in full accord with the provisions of the statute.

The retirement law now applicable to members of the uniformed force of the fire department is found in the Administrative Code of the City of New York and is known as the New York Fire Department Pension Fund (tit. B, art. 1, §§ B19–1.0–B19–7.53). The particular section of the statute relating to payment of pensions and retirement is section B19–4.0. It

provides a complete and comprehensive plan for the retirement of members of the uniformed force of the fire department by the board of trustees of the pension fund upon annual pensions in varying amounts. In every case such board shall determine the circumstances thereof. The retirement there provided for falls into three classes designated by the statute under the letters " a ", " b " and " c ". Paragraph a concerns retirement for disability. Paragraphs 1 to 6, inclusive, under subdivision a embrace all conditions involving retirement for disability, whether partial or total, and whether service-incurred or not. Subdivision b relates to compulsory retirement after a member has performed service of twenty years or more in the department and has been found to be unfit for duty after examination by the medical board. Subdivision c covers service retirement on written application of the member on a pension of not less than one half of the salary of the member at the time of the retirement.

As to disability retirement under subdivision a, when the disability is not service connected, the amount of the pension payable is dependent upon the element of time or length of service, that is, whether the disability occurred after or before the expiration of ten years' service by the member in the department (subd. a, pars. 3–6). When, however, the disability is service connected, the element of time or length of service in the department does not determine the annual pension, but in such a case a member of the department has the right to retire on a pension of not less than three fourths of his annual salary or, at his election, to assignment to light or or nonfire fighting duty, regardless of the period of his prior service in the department (subd. a, par. 2). However, compulsory retirement by the board of trustees under subdivision b may result in the case of any member whether such member be on light duty because of a service incurred disability or on full duty who has performed service in the department for twenty years or more and has been found unfit for duty on medical examination had in conformity with the provisions of subdivision d of section B19–4.0.

Petitioner here was retired pursuant to subdivision b of section B19-4.0 of the Administrative Code which reads as follows: " Any member of such department, who has or shall have performed duty therein for a period of twenty years or upwards, upon a medical examination, as provided in subdivision d of this section, showing that such member is permanently disabled, physically or mentally, so as to be unfit for duty, shall

be retired from such force and service, and placed on the roll of the pension fund, and awarded and granted, to be paid from such fund, an annual pension during his lifetime, of a sum not less than one-half his full salary or compensation at the date of his retirement from the service."

Following a medical examination conducted by the medical board of the fire department, petitioner was declared unfit for full fire duty after he had served more than twenty years in the department and accordingly, acting upon the findings of the medical board, the board of trustees, under the quoted provision of the statute, was empowered to retire him from all service in the department at an annual pension which in this case was fixed at three fourths of his salary at the date of his retirement.

Petitioner relies upon paragraph 2 of subdivision a of section B19-4.0, which reads as follows: " In case·of partial permanent disability at any time caused in or induced by the actual performance of the duties of his position, which disqualifies him only from performing active duty in the uniformed force, the member so disabled shall be relieved by the commissioner from active service at fires and assigned to the performance of such light duties as a medical officer of such department may certify him to be qualified to perform, or he shall be retired on his own application at not less than three-fourths of his salary at the date of his retirement from the service, on an examination, as provided by subdivision d of this section, showing that his disability is permanent."

Concededly, under that paragraph, where, as here, the disability is service incurred, a member has the right to retirement on a pension of three fourths of his annual salary or at his option to assignment to light duty regardless of the period of his prior service if he is capable of performing light duty. Neither the wording of that section nor language of any other provision of the statute accords to such a member the right to insist upon a retention in the department after he has served twenty years and upon medical examination has been found to be permanently disabled so as to be unfit for duty. The privileges or rights granted by paragraph 2 of subdivision a of the pertinent section (§ B19-4.0) are subject to the enforcement of the provisions contained in subdivision b relating to compulsory retirement after twenty years of service upon a showing that a member is permanently disabled so as to be unfit for duty. The " duty " contemplated in the statute (§ B19-4.0, subd. b) is obviously " active duty." By its very terms subdivision b

applies to " Any member of such department." This includes those who have been assigned to light duty pursuant to paragraph 2 of subdivision a of section B19–4.0. Petitioner had performed duty in the department for a period of twenty years or upwards and a medical examination had in conformity with the statutory requirements shows that he is " permanently disabled, * * * so as to be unfit for duty " (§ B19–4.0, subd. b). He was retired on a pension equivalent to three fourths of his basic annual salary at the time of his retirement. No member of the department under the law has a fixed and indefeasible right to remain on assignment to light duty after completion of twenty years of service in the department.

There was a construction of the pension statute under which the fire department is now operating in *Matter of City of New York* v. *Schoeck* (294 N. Y. 559, 566). Though the question presented in that case was not directly in point, the court, speaking through Chief Judge LEHMAN employed the following apposite language: " The Administrative Code provides that the board of trustees ' *shall* retire ' any member who upon examination is found to be disqualified for the performance of his duties. The command is peremptory. Determination whether or not a member of the force is disqualified for the performance of his duties is confided by the statute to the medical board or special medical board which makes the examination. The board of trustees must accept the report of the examining board concerning the physical or mental qualifications of the members. No room for the exercise of discretion whether or not to retire the member is left open to the board of trustees. The intent of the statute is plain. A member of the uniformed force of the Fire Department should not receive the salary attached to his position unless he can perform its duties, but must be retired upon the pension provided by law, and whether or not the member is physically or mentally disqualified is a scientific question which must be determined by the experts who examine the member and whose determination is that regard is final."

The case of *People ex rel. Bridges* v. *Adamson* (173 App. Div. 773, affd. 219 N. Y. 570) upon which petitioner relies, is not in point because the court there expressly limited its ruling by the following language (p. 779): " The question whether a fireman, disabled in the active discharge of his duty but able to perform light duty, is exempt from the provision authorizing compulsory retirement after twenty years' service, is not before us. The relator was not retired under the twenty-year provision."

If it were the legislative intent to exclude members of the uniformed force performing light duty from the operation of the compulsory retirement provision of the retirement law, language clearly expressing such an intent would have been inserted qualifying the term " Any member " as used in subdivision b of section B19–4.0. Its omission is indicative of an intention not to exclude members performing light duty from the operation of subdivision b — the twenty-year compulsory retirement law.

The order appealed from should accordingly be reversed and the petition dismissed, but without costs.

PECK, P. J. (dissenting) There being no finding that petitioner is unfit for the light duty on which he was placed under paragraph 2 of subdivision a, I am of the opinion that he is entitled to maintain his status under that subdivision and may not be retired under subdivision b. In other words, subdivision b does not require the retirement thereunder of a member of the department who has been placed on light duty under subdivision a, so long as he is fit for that duty, merely because he has performed twenty years' service. If subdivision b had that effect it might produce the incongruous result of forcing a retirement on less favorable terms (half pay) than the member is entitled to by voluntary retirement (three quarters pay) under subdivision a. While petitioner has been granted three-quarters pay, that seems to be a matter of grace rather than right, and in construing the statute we should consider rights. Accordingly, I dissent and vote to affirm.

DORE and CALLAHAN, JJ., concur with COHN, J., Peck, P. J., dissents in opinion in which VAN VOORHIS, J., concurs.

Order reversed and the petition dismissed, without costs. Settle order on notice.