■ CASITA, L.P., Appellant, v MAPLEWOOD EQUITY PARTNERS (OFFSHORE) LTD., Respondent. [825 NYS2d 6]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 22, 2006, which granted defendant's motion to disqualify plaintiff's counsel, unanimously affirmed, with costs.

Defendant is an investment fund organized under the laws of the Cayman Islands. Evidence in the record established that an attorney with the firm representing plaintiff had previously performed substantial work, at a prior law firm, on defendant's formation and its relationship with several affiliated entities, as well as on investment issues. Plaintiff, who invested in one of these affiliated entities through defendant, alleges that the latter's contested capital call was belated, according to purportedly unambiguous language in its articles of association and subscription agreement. However, these articles did allow for collection of accrued expenses and fees even as part of a belated capital

call, and the instant call included substantial expenses. Inasmuch as the nature of the allowable expenses is arguably ambiguous under the controlling documents, extrinsic evidence potentially could be warranted. Consequently, the challenged attorney's prior legal work in drafting and negotiating defendant's articles of association and subscription agreement was properly found to constitute a matter substantially related to the instant litigation, which challenges the validity of the capital call made pursuant to said documents. Plainly, defendant's interests in this litigation are adverse to those of plaintiff, who has declined to pay on the capital call. Since defendant's proof met the test for disqualification, an irrebuttable presumption for such remedy arises (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 130-131 [1996]; *see* Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]). Even were that not the case, the attorney's submissions regarding his legal work for defendant and his noninvolvement in the matters at issue at his current firm were conclusory and insufficient (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 619 [1999]). Inasmuch as the attorney's proof failed to rebut the presumption, the firm's erection of a "Chinese Wall" between this matter and said counsel is insufficient to avert disqualification under the circumstances (*id.*).

We have considered plaintiff's remaining contentions and find them without merit. Concur—Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ. [*See* 11 Misc 3d 1054(A), 2006 NY Slip Op 50206(U) (2006).]