EUGENIA VI VENTURE HOLDINGS, LTD., Appellant, v MAPLEWOOD EQUITY PARTNERS, L.P., Respondent. [832 NYS2d 155]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about June 19, 2006, which denied, as academic, defendant's motions to dismiss the complaint and disqualify plaintiff's attorneys, granted plaintiff's motion to discontinue the action and made the discontinuance with prejudice, unanimously modified, on the law, to make the discontinuance without prejudice, and otherwise affirmed, with costs in favor of plaintiff payable by defendant.

Defendant's "limited opposition" to plaintiff's motion to discontinue consented to a discontinuance provided it was with prejudice. Defendant argued that it had been put to considerable expense in preparing motions to dismiss the complaint and disqualify plaintiff's attorney, and plaintiff's request to

discontinue was the latest instance of a pattern of discontinuing and recommencing "seriatim complaints" to cause defendant and its affiliates expense. Delay, frustration and expense in preparation of a contemplated defense do not constitute prejudice warranting denial of a motion for a voluntary discontinuance under CPLR 3217 (b) (*Michael v Michael*, 209 AD2d 1055 [1994]; *White v National Bondholders Corp.*, 191 Misc 536, 538 [1948], *affd* 273 App Div 693 [1948]). While a voluntary discontinuance, of course, should not be unconditionally allowed if frivolously sought to delay the litigation or harass or cause the opposition unnecessary expense (*cf.* 22 NYCRR 130-1.1 [c]), the record does not support defendant's suggestion that plaintiff commenced the instant action with a preconceived intention of discontinuing it once defendant incurred expense in defending it to make a discontinuance an annoyance. In the latter regard, there is no plain statement as to the number of complaints that have been commenced and discontinued, and it appears that defendant's motions to dismiss and disqualify were made shortly after it had succeeded in disqualifying plaintiff's attorney in a related action (*Casita, LP v Maplewood Equity Partners [Offshore] Ltd.*, 11 Misc 3d 1054[A], 2006 NY Slip Op 50206[U] [2006], *affd* 34 AD3d 251 [1st Dept 2006]), and that plaintiff made known its intention to seek a discontinuance (by serving a belated notice of discontinuance) as soon as it was served with defendant's disqualification motion in this action. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.