■ CASITA, L.P., Respondent, v MAPLEWOOD EQUITY PARTNERS (OFFSHORE) LTD., Appellant. [841 NYS2d 19]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered June 23, 2006, which, as amended by an order entered July 5, 2006, granted plaintiff's motion for a preliminary injunction, unanimously reversed, on the law and the facts, with costs, and the motion denied.

Plaintiff, an investor, alleged that defendant investment fund's contested capital call was belated, according to language in its articles of association and subscription agreement, and sought to inspect defendant's records. Defendant imposed several conditions on access, including that no attorney from the law firm Gibson Dunn & Crutcher LLP (GDC), which had formerly represented both plaintiff and defendant, could participate in any fashion in the inspection or review of its books and records, or be provided any information derived therefrom. The court granted plaintiff's motion for a preliminary injunction, and directed that any two of plaintiff's employees, representatives or agents could review and copy all of defendant's books and records.

The preliminary injunction should have been denied, since plaintiff failed to make the requisite clear showing of a likelihood of success on the merits, irreparable harm if the injunction were not granted, and a balance of the equities in its favor (*see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]).

Defendant's articles of association provide that defendant may prescribe reasonable conditions and restrictions on a member's right to have access to its books, records and accounts. Thus, it does not appear likely that plaintiff will succeed on the merits of its complaint, which seeks unrestricted access to defendant's books and records (*see Sterling Fifth Assoc. v Carpentille Corp.*, 5 AD3d 328, 329 [2004]). We note in this connection that, due to a conflict of interest, GDC has been disqualified from representing plaintiff in a related action involving the same parties (*Casita, L.P. v MapleWood Equity Partners*

*[Offshore] Ltd.*, 34 AD3d 251 [2006]). Indeed, GDC attorneys drafted for defendant the very documents from which plaintiff's presently asserted contractual right of inspection stems.

Plaintiff also failed to demonstrate that anything other than unrestricted access to the records would cause it irreparable injury, particularly since it offered no justification for delaying its request for an injunction for seven months after having been informed of the conditions (*see Coinmach Corp. v Fordham Hill Owners Corp.*, 3 AD3d 312 [2004]). Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.