■ ITHILIEN REALTY CORP., Respondent, v 180 LUDLOW DEVELOPMENT LLC et al., Appellants. [915 NYS2d 63]—

Orders, Supreme Court, New York County (Debra A. James, J.), entered July 2, 2010 and August 27, 2010, which granted plaintiff's motion for a preliminary injunction staying the cure period of defendants' notice to cure on the condition that plaintiff file an undertaking, and fixed the amount of the undertaking at $10,000, respectively, unanimously affirmed, with costs.

The court providently exercised its discretion in granting plaintiff preliminary injunctive relief since plaintiff demonstrated a likelihood of success on the merits, irreparable harm to its building if the relief were not granted, and that a balancing of the equities weighs in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]). The purported ventilation "violation" caused by defendants' construction of a cantilever over plaintiff's building was likely not a violation of the Building Code or other law. Permitting defendants to install a mechanical ventilation system, which would consist of electric motors and a fan on the roof, external ventilation shafts with connections extending through the facade of the building into ten apartments, and interior exhaust fans, would permanently alter plaintiff's tenement building. While plaintiff's building is occupied, nothing in the record shows that defendants had resumed construction of the structure since ceasing work in November 2008. The undertaking in the nominal amount of $10,000 was "rationally related" to the potential damages that defendants would incur if the preliminary injunction proves to be unwarranted (*Madison/Fifth Assoc. LLC v 1841-1843 Ocean Parkway, LLC*, 50 AD3d 533 [2008]; *Visual Equities v Sotheby's, Inc.*, 199 AD2d 59 [1993]). Concur—Saxe, J.P., Friedman, McGuire, Abdus-Salaam and Román, JJ.