■ ALEXANDER GLIKLAD, Respondent, v MICHAEL CHERNEY,
Appellant. [948 NYS2d 48]—

The IAS court erred in granting plaintiff's motion to strike defendant's affirmative defense of lack of personal jurisdiction. Contrary to plaintiff's contention, defendant did not waive this defense by moving for summary judgment dismissing the complaint on the merits, given that defendant had previously raised the jurisdictional defense. *Competello v Giordano* (51 NY2d 904 [1980]) is distinguishable, as the defendant in that case failed to raise the defense of lack of personal jurisdiction in a motion pursuant to CPLR 3211 (a) (7).

Defendant failed to meet his burden of establishing that New York is an inconvenient forum for this action (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). Further, the subject promissory note contained a clause selecting New York as the forum, barring defendant's forum non conveniens motion (*see Sebastian Holdings, Inc. v Deutsche Bank AG.*, 78 AD3d 446, 447 [2010]).

The court properly granted plaintiff's motion for a preliminary injunction barring defendant from prosecuting the action he had commenced in Israel over the same promissory note at issue in the instant action. A party moving for a preliminary injunction must establish a likelihood of success on the merits, irreparable harm if the injunction were not granted, and a balance of the equities in the movant's favor (*see W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Casita, L.P. v MapleWood Equity Partners [Offshore] Ltd.*, 43 AD3d 260 [2007]). Here, even if defendant may have a meritorious defense, plaintiff made a prima facie showing that his claim under the promissory note has merit (*see Matter of Witham v Finance Invs., Inc.*, 52 AD3d 403

[2008]; *Bingham v Struve*, 184 AD2d 85 [1992]). Plaintiff also established a risk that he would suffer irreparable harm if he were to travel to Israel to litigate the other action, since this act might jeopardize his Canadian asylum status. In addition, the balance of the equities favors plaintiff, since the expenditures of time and resources by the parties and the court would be potentially wasted if the Israeli action, which defendant commenced 1½ years after the commencement of the instant action, were to result in a decision precluding any decision the court might have reached in this case (*see Jay Franco & Sons Inc. v G Studios, LLC*, 34 AD3d 297 [2006]).

Further, defendant appeared to be forum shopping by attempting to obtain a favorable decision from the Israeli court, which would interfere with the New York court's ability to resolve the issues before it (*see IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd.*, 59 AD3d 366 [2009]).

Finally, the court did not err in denying defendant's motion to renew. Contrary to defendant's contention that the court should have ordered plaintiff to post an undertaking to cover defendant's damages in the event the injunction were found to have been erroneously issued, the injunction would actually save both parties time and money by relieving them from the burden of litigating a second action (*see Ithilien Realty Corp. v 180 Ludlow Dev. LLC*, 80 AD3d 455 [2011]; *Visual Equities v Sotheby's, Inc.*, 199 AD2d 59 [1993]). Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.