■ COURTNEY DUPREE, Appellant, and RODNEY WATTS, Respondent-Appellant, v SCOTTSDALE INSURANCE COMPANY, Respondent. [953 NYS2d 852]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about June 29, 2012, which, to the extent appealed from, granted plaintiffs' motions for a preliminary injunction directing defendant insurance company to pay plaintiffs' defense costs but declined to direct defendant to pay costs accrued by plaintiff Courtney Dupree prior to January 4, 2012, and costs accrued by plaintiff Rodney Watts prior to June 7, 2012, unanimously affirmed, without costs.

In this action brought to compel defendant insurance carrier to pay defense costs, incurred in civil and criminal litigation arising out of plaintiffs' actions as corporate officers, under a director's and officer's policy issued by defendant, the motion court properly considered irreparable harm and the equities (*Gliklad v Cherney*, 97 AD3d 401, 402 [1st Dept 2012]) and did not improvidently exercise its discretion (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]) in limiting the defense costs which defendant is required to pay.

The additional defense costs that plaintiffs seek to recover constitute monetary harm which can be compensated by damages and does not constitute irreparable injury for which injunctive relief will be granted (*Matter of J.O.M. Corp. v Department of Health of State of N.Y.*, 173 AD2d 153 [1st Dept 1991]). The motion court properly determined that directing the payment of past defense costs may deplete the $5,000,000 limit on the policy thereby depriving plaintiff Watts of coverage under the policy and disturbing, rather than maintaining, the status quo (*see Morris v Port Auth. of N.Y. & N.J.*, 290 AD2d 22, 26 [1st Dept 2002]).

We have considered plaintiffs' additional arguments and find them unavailing. Concur—Tom, J.P., Andrias, Renwick, De-Grasse and Richter, JJ.