Matter of Samuel J. J. v Sofia L. S. (2023 NY Slip Op 01061)

Matter of Samuel J. J. v Sofia L. S.

2023 NY Slip Op 01061

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Kern, J.P., Oing, Kennedy, Mendez, Pitt-Burke, JJ. 

Docket No. O-10959-19/19A Appeal No. 17408-17408A-17408B Case No. 2022-02828 2022-02830 

[*1]In the Matter of Samuel J. J., Petitioner-Respondent,
v
Sofia L. S., Respondent-Appellant. 

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Samuel J. J., respondent pro se.

Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about June 15, 2022, which dismissed petitioner's violation petition without prejudice and vacated the temporary order of protection, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about June 15, 2022, unanimously dismissed, without costs, as taken by a nonaggrieved party. Appeal from order, same court and Judge, entered on or about August 15, 2022, which, upon reargument, adhered to the court's prior dismissal of the violation petition, unanimously dismissed, without costs, as abandoned.
Family Court did not abuse its discretion in dismissing petitioner's violation petition without prejudice. The record shows that petitioner withdrew that petition after Family Court urged the parties to consider settlement. Moreover, respondent, who was represented by counsel, consented to the entry of the civil order of protection directing her to stay away from and not contact petitioner until June 14, 2024. This resolved the underlying family offense petition. Furthermore, respondent made no showing that special circumstances existed or that petitioner agreed to the discontinuance only to avoid an adverse determination in the family offense proceeding, and thus, there was no reason to order the voluntary discontinuance with prejudice (see Eugenia VI Venture Holdings, Ltd. v MapleWood Equity Partners, L.P., 38 AD3d 264, 265 [1st Dept 2007]).
The appeal from the issuance of the civil order of protection is dismissed, as appellant consented to the order and therefore is not an aggrieved party within the meaning of CPLR 5511 (see e.g. Matter of Gabrielle N.N. [Jacqueline N.T.], 171 AD3d 671, 672 [1st Dept 2019]; Matter of Tyshawn Jaraind C., 33 AD3d 488, 488 [1st Dept 2006]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023